FILED'08 JUL 18 14:08USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROGER D. HALL,                                CV. 07-144-PK

       Petitioner,                          FINDINGS AND
                                              RECOMMENDATION

v.

JEAN HILL,

       Respondent.

PAPAK, Magistrate Judge:

      Petitioner brings this 28 U.S.C. § 2254 habeas corpus action alleging that the Oregon Department of Corrections violated his civil rights when it subjected him to disciplinary action that purportedly resulted in the loss of his good-time credits. Respondent argues the petition failed to meet the statute of limitations. (#20.) Respondent raises this argument in its response to the habeas petition and requests that this Court dismiss the petition on that ground. Because petitioner's state case tolled the statute of limitations, the petition should be deemed timely and

Page 1 - FINDINGS AND RECOMMENDATION

respondent's request should be denied.

## BACKGROUND

Plaintiff Roger Hall, appearing pro se, alleges claims arising from his incarceration in the custody of the Oregon Department of Corrections. Hall's petition attacks an "Inmate Performance Failure Record," for being "argumentative with staff on numerous occasions." (#22, Ex. 2.) Petitioner alleges that the failure record resulted in the loss of good time credit and temporary loss of his prison job. (#6, 6.)

On February 10, 2005, Hall, also appearing pro se, filed a complaint in Malheur County Circuit Court regarding the failure record. (#22, Ex. 103.) The complaint asserted "due process issues" and violations of the Eighth and Fourteenth Amendment. *Id.* Hall sought the return of any lost good time credit as well as money damages for his lost opportunity to work and for his pain and suffering. *Id.*

The circuit court construed Hall's complaint as an action under 42 U.S.C. § 1983 and dismissed the complaint for failure to state a claim. (#22, Ex. 104.) The Oregon Court of Appeals affirmed without opinion. (#22, Ex. 105.) The Oregon Supreme Court denied review on November 21, 2006. (#1, 4.)

On January 1, 2007, Hall filed a Notice of Appeal of the Oregon Supreme Court's decision in federal court. (#1.) This Court construed Hall's filing as a habeas petition and ordered that he file a formal petition for habeas pursuant to 28 U.S.C. § 2254. (#5.) Hall filed his formal petition on March 12, 2007. (#6.)

Hall's federal habeas petition alleges the Department violated his constitutional rights by

Page 2 - FINDINGS AND RECOMMENDATION

imposing disciplinary sanctions without due process of law. (#6, 6.) In addition, he alleges violations of the Eighth Amendment guarantee against cruel and unusual punishment and the Fourteenth Amendment guarantee of equal protection of the law because a corrections officer singled him out for questioning concerning the incident that led to the disciplinary action. (#6, 7.) He asks this Court "to parole him with a suspended sentence." (#23, 3.)[1]

Respondent contends Petitioner's habeas petition is untimely because 490 days elapsed between November 3, 2004, when the Inmate Performance Failure Record was signed, and March12, 2006, when Hall filed his formal habeas petition, thus exceeding the 365-day limitation period available under the Antiterrorism and Effective Death Penalty Act. ( #20, 2.)

## DISCUSSION

The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). That limitations period is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 42 U.S.C. § 2244(d)(2). An application is properly filed when its delivery and acceptance comply with laws and rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000);

---

[1] To the extent that Hall contends he is entitled to restoration of good time credits, his exclusive remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Hall cannot seek damages under § 1983 in this Court to the extent he had a full and fair opportunity to litigate his § 1983 claims in state court. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) ("Claims under 42 U.S.C. § 1983 are subject to claim preclusion even if the litigants did not actually litigate the federal claim in state court); *see also Allen v. McCurry*, 449 U.S. 90, 97-99 (discussing history of § 1983 and rejecting argument that Congress exempted § 1983 claims from preclusion by state court judgments).

*Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Filing rules relate "to the very initiation of a petition and a court's ability to consider that petition" and differ from a "rule of decision" or procedural bar that addresses the ability to obtain relief. *Pace*, 544 U.S. at 417. Thus, "the question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious." *Artuz*, 531 U.S. at 9.

Here, Respondent correctly points out that an inmate cannot assert a § 1983 claim to challenge confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred . . . no matter the relief sought . . . no matter the target of the prisoner's suit . . . --*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") Thus, Respondent argues that Hall's state case was not properly filed because Hall should have filed a mandamus action rather than a suit under 42 U.S.C. § 1983. (#20, 2.)

This Court finds Respondent's argument unpersuasive. Hall's original complaint in state court did not allege § 1983 claims. Rather, the state court decided to construe it as a § 1983 case. This Court questions whether the state court's characterization of Hall's pro se complaint should foreclose the complaint from tolling the federal habeas statute of limitations. More importantly, the limits on relief available to an inmate under § 1983 go to the ability to obtain relief–not whether the complaint itself complied with rules that go to "the very initiation" of a suit and the court's ability to consider it. *See Pace*, 544 U.S. at 417. Respondent does not argue that Hall missed the statute of limitations for filing his state complaint, or that he otherwise failed to comply with filing rules. Thus, both *Artuz* and *Pace* suggest, and this Court finds, that Hall's state suit was "properly filed." Therefore, Hall's federal habeas petition should be deemed

Page 4 - FINDINGS AND RECOMMENDATION

timely.[2]

## CONCLUSION

Hall's 28 U.S.C. § 2254 habeas corpus petition should be deemed timely and Respondent's request to dismiss the petition should accordingly be denied.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due August 1, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a

---

[2]Although this Court recommends that the petition should not be dismissed on statute of limitations grounds, the Court has serious questions concerning its viability. Most notably, the record does not reflect that the disciplinary action at issue actually resulted in the loss of good conduct time. Additionally, the Court questions whether Hall fairly presented his federal constitutional due process claim to the state court. However, these issues are not addressed herein because Respondent has not raised them.

Page 5 - FINDINGS AND RECOMMENDATION

district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 18th day of July, 2008.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 6 - FINDINGS AND RECOMMENDATION