FILED
JUN 19 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROGER D. HALL,

        Petitioner,

v.

JEAN HILL,

        Respondent.

CV. 07-144-PK

FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge:

    Petitioner brings this 28 U.S.C. § 2254 habeas corpus action alleging that the Oregon Department of Corrections violated his civil rights when it subjected him to disciplinary action that purportedly resulted in the loss of his good-time credits. Petitioner's habeas petition should be denied, for the reasons set forth below.

## BACKGROUND

    Petitioner Roger Hall, appearing pro se, alleges claims arising from his incarceration in the custody of the Oregon Department of Corrections. Specifically, Hall alleges that he did not

Page 1 - FINDINGS AND RECOMMENDATION

have the benefit of a hearing before he received a program failure from his prison work assignment, which resulted in the loss of good time credit and temporary loss of his prison job. (Pet.'s Mem., #33, at 2.)

In 2005, Hall, appearing pro se, filed a complaint in Malheur County Circuit Court regarding the program failure. (Exs. to Answer, #22, Ex. 103.) The complaint asserted "due process issues" and violations of the Eighth and Fourteenth Amendment. *Id.* Hall sought the return of any lost good time credit as well as money damages for his lost opportunity to work and for his pain and suffering. *Id.*

The circuit court construed Hall's complaint as an action under 42 U.S.C. § 1983 and dismissed the complaint for failure to state a claim. (Exs. to Answer, Ex. 104.) The Oregon Court of Appeals affirmed without opinion. (Exs. to Answer, Ex. 105.) Hall petitioned for review to the Oregon Supreme Court. His petition consisted of a cover page, which identified the parties and the appellate court opinion at issue, and the following narrative:

> Petitioner was in segregation from Sept. 1st 2006 until Sept. 14th 2006. During that time Petitioner had to correspond with the law library and could not go there. The law library would not follow the instructions the petitioner asked in how this needed to be sent to the court. Petitioner finally sent the instructions this court sent to him to the law library which includes the judgment for review petitioner needs copies of.
>
> Petitioner visited the law library 9-14-06. A clerk there explained to petitioner that everything he asked for had already been sent via the inmate mail system. As of today's date 9-19-06 4:38 PM Petitioner still has not received those copies of petition for review with the order of the court, with the judgment of the Court of Appeals.
>
> This court has already received the Judgment. Petitioner will forward the materials as evidence of his tardiness. Should they end up lost Petitioner will send an affidavit from the law library as evidence instead.

(Supp. Exs., #32, Ex. 106.) The Oregon Supreme Court denied review on November 21, 2006.

Page 2 - FINDINGS AND RECOMMENDATION

(Supp. Exs., Ex. 107.)

On January 1, 2007, Hall filed a Notice of Appeal of the Oregon Supreme Court's decision in federal court. This court construed Hall's filing as a habeas petition and ordered that he file a formal petition for habeas pursuant to 28 U.S.C. § 2254. (Order, #5.) Hall then filed his formal petition. (Pet. Writ of Habeas Corpus, #6.)

Hall's federal habeas petition alleges four grounds for relief. Specifically, he alleges that the Department violated his constitutional rights by imposing disciplinary sanctions without due process of law. *Id.* at 6. In addition, he alleges violations of the Eighth Amendment guarantee against cruel and unusual punishment and the Fourteenth Amendment guarantee of equal protection of the law because a corrections officer singled him out for questioning concerning the incident that led to the program failure. *Id.* at 7. He asks this court "to parole him with a suspended sentence." (Resp. to Resp't, #23, 3.)

## DISCUSSION

### I. Failure to Exhaust

The Antiterrorism and Effective Death Penalty Act of 1996 requires that habeas petitioners exhaust state remedies on all claims alleged in their § 2254 petitions, unless the state lacks a corrective process or the state process is ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claims to the appropriate state courts at all appellate stages afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner "fairly presents" his claim when he provides the state court with the proper factual and legal basis for his claim. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). In addition, the

Page 3 - FINDINGS AND RECOMMENDATION

petitioner "must alert the state courts to the fact that he is asserting a federal claim." *Id.* Moreover, "[o]rdinarily a state prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief (or a similar document)" to discern "the presence of a federal claim." *Baldwin*, 541 U.S. at 32.

In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. *See* ORS § 138.650 (2007); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982). As a matter of Oregon state law, "a litigant may fail to fully comply with the rules [of appellate procedure] and still "present" a claim in a petition for review. *Farmer v. Baldwin, Farmer v. Baldwin*, 346 Or. 67, 79, 205 P.3d 871 (2009) A litigant seeking a petition for review in the Oregon Supreme Court, however, must, at a minimum, "identify . . . the claim of error that he or she wants to see corrected." *Id.*

Here, Hall appears to argue that he did not have to exhaust his state court remedies because he commenced his action in this court as a civil rights claim under 42 U.S.C. § 1983. Hall cannot seek damages under § 1983 in this Court to the extent he had a full and fair opportunity to litigate his § 1983 claims in state court. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) ("Claims under 42 U.S.C. § 1983 are subject to claim preclusion even if the litigants did not actually litigate the federal claim in state court). Thus, Hall could only obtain relief in this court if he pursued his claim as a habeas petition. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim comes within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citation omitted). Thus, the fact that Hall commenced this action under 42 U.S.C. § 1983 and the court construed it as a habeas petition

Page 4 - FINDINGS AND RECOMMENDATION

does not waive the AEDPA exhaustion requirement.

Hall's petition for review to the Oregon Supreme Court did not fairly present any of the grounds for habeas relief he now asserts. The petition does not identify any legal error in the decision of the Oregon Court of Appeals, nor does it refer to or attach any document regarding such error. I therefore find that Hall has failed to exhaust state remedies on all of his habeas claims.

## II.   Procedural Default

When a prisoner has not presented his or her federal claims through all the appellate stages offered by the state but can no longer do so under state law, then the claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

Here, Hall can no longer present his claims to Oregon's state courts. Moreover, Hall has neither shown cause and prejudice nor made a colorable showing of actual innocence sufficient to excuse the default. Accordingly, I find that he has procedurally defaulted all of his grounds for relief.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#6) should be denied, and judgment should be entered dismissing this case with prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due July 6, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. This Findings and Recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 19th day of June, 2009.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge